**2019 UT App 81**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.R., R.R., AND V.R.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

E.R.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20190245-CA
Filed May 16, 2019

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1155663

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes, Carol L. C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1     E.R. (Father) appeals a decision awarding permanent
custody and guardianship of his children to their paternal
grandmother. Father asks this court to reverse the grant of
*permanent* custody and guardianship and remand with a
direction to enter an order of *temporary* custody and
guardianship in the paternal grandmother pending further
proceedings. We affirm the juvenile court's decision.

¶2 Father does not challenge the juvenile court's determination of his unfitness as a parent due to his untreated mental illness. The sole issue raised on appeal is a claim that the juvenile court's award of permanent custody and guardianship of the children to their paternal grandmother was erroneous because *In re B.T.B.*, 2018 UT App 157, 436 P.3d 206, required the court to preserve the possibility of rehabilitation of the parent-child relationship as well as a future restoration of custody to Father.

¶3 The case was before the juvenile court on the Guardian ad Litem's (GAL) petition to terminate Father's parental rights to allow the children to be adopted. In contrast, the State advocated for an award of permanent custody and guardianship to the paternal grandmother with whom the children had resided throughout the child welfare case. The paternal grandmother wanted to be the children's permanent guardian rather than adopt them. The State had withdrawn its earlier petition to terminate Father's parental rights and thereafter requested an award of permanent custody and guardianship to the paternal grandmother. Father joined in the State's recommendation. During the trial on the termination petition, Father's counsel stated, "I would submit that at the very least what this court could do [is] grant permanent custody and guardianship in the grandmother and close the case." Father's counsel also acknowledged that, under current Utah law, "if my client loses permanent custody and guardianship in this case, he cannot [petition to] get his children back." *See* Utah Code Ann. § 78A-6-1103(3)(b) (LexisNexis 2018). Father would, however, retain residual rights that would include rights to visitation. The court awarded permanent custody and guardianship of the children to their paternal grandmother.

¶4 Notwithstanding his position at the termination trial, Father asserts that he has preserved a challenge to the permanent custody and guardianship award by filing an appeal.

This is insufficient to preserve the issue for consideration on appeal. An issue is preserved for appeal when it has been presented to the juvenile court in such a way that the court has the opportunity to rule on it. *See In re D.B.*, 2012 UT 65, ¶ 17, 289 P.3d 459. "To provide the court with this opportunity, the issue must be specifically raised by the party asserting error, in a timely manner, and must be supported by evidence and relevant legal authority." *Id.* (quotation simplified). Although the record reflects that the juvenile court and the parties discussed the requirement of *B.T.B.* to consider alternatives other than terminating Father's parental rights, Father did not raise the argument that he makes in this appeal. In fact, Father's counsel specifically requested an award of permanent custody and guardianship in the paternal grandmother in opposing the GAL's petition to terminate his parental rights.

¶5     But even assuming that Father did preserve the issue, Father's argument is based upon a mistaken interpretation of *B.T.B.* Father relies on this court's statement in *B.T.B.* that the juvenile court should "consider whether other less-permanent arrangements . . . might serve the child's needs just as well in the short term, while preserving the possibility for rehabilitation of the parent-child relationship in the longer term." *In re B.T.B.*, 2018 UT App 157, ¶ 55. Father claims that *B.T.B.* required the juvenile court to make the award of custody and guardianship only temporary to allow him the possibility to regain custody in the future. *B.T.B.* contains no such requirement; remedies short of termination, that preserve the parent-child relationship in some fashion, can take any one of several forms, including the one the juvenile court selected in this case: a permanent guardianship arrangement in which the parent retains the right to visitation, even if the parent no longer has the right to petition for a restoration of custody. Indeed, as this court recently clarified, "*B.T.B.* simply stands for the proposition that juvenile courts must consider or explore alternatives to termination of parental rights before they may find that termination is 'strictly

necessary' to the best interests of the child." *In re C.T.*, 2018 UT App 233, ¶ 16, 438 P.3d 100 (quotation simplified). "After this consideration, if a juvenile court determines that no such alternatives are available or articulates supported reasons for rejecting alternatives that do exist, such findings are entitled to deference on appeal." *Id.* In this case, the juvenile court not only considered alternatives to termination, the court selected one of those alternatives by awarding permanent custody and guardianship to the paternal grandmother. In this case, the juvenile court complied with *B.T.B.*'s requirement that it consider alternatives to termination, and the juvenile court's well-articulated reasons supporting its award of permanent custody and guardianship in a relative are entitled to deference. *See id.*, ¶ 17.

¶6    Accordingly, we affirm the award of permanent custody and guardianship of the children to their paternal grandmother.

————————